IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARAH M. JAMES SAUNDERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.  2:19-cv-02235-KHV-ADM ) |
| THE WILLOW DOMESTIC VIOLENCE CENTER, INC., | ) ) ) |
| Defendant, | ) ) |

## ANSWER

COMES NOW Defendant The Willow Domestic Violence Center, Inc., by and through its attorneys, and for its Answer to Plaintiff's Complaint, states as follows:

1. Paragraph 1 of Plaintiff's Complaint contains no allegations of fact or conclusions of law for which an answer is required.

2. Defendant admits that Plaintiff brings her claims of discrimination under Title VII of the Civil Rights Act of 1964, as amended, but denies that Plaintiff is entitled to any relief thereunder.

3. Admitted.

4. Denied.

5. Denied.

6. Defendant denies that Plaintiff is entitled to any legal or equitable remedies under Title VII.

## JURISDICTION AND VENUE

7. Defendant admits that this Court has jurisdiction over this action, but denies that Plaintiff is entitled to any relief or damages as requested in her Complaint.

8. Admitted.

9. Defendant admits that venue in this Court is proper, but denies that Plaintiff is entitled to any relief or damages as requested in her Complaint.

## PARTIES

10. Admitted.

11. Admitted.

## ADMINISTRATIVE PROCEEDINGS

12. Admitted.

13. Admitted.

14. Admitted.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant is without sufficient information to ascertain the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. Denied.

23. Denied.

24. Denied.

25. Defendant is without sufficient information to ascertain the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendant denies that Plaintiff's characterization and summary of the document referred to in paragraph 31 of Plaintiff's Complaint is accurate and further asserts that the document shall speak for itself.

32. Defendant denies that Plaintiff's characterization and summary of the document referred to in paragraph 32 of Plaintiff's Complaint is accurate and further asserts that the document shall speak for itself.

33. Denied.

34. Defendant denies that Plaintiff's characterization and summary of the document referred to in paragraph 34 of Plaintiff's Complaint is accurate and further asserts that the document shall speak for itself.

35. Denied.

36. Defendant denies that Plaintiff's characterization and summary of the document referred to in paragraph 36 of Plaintiff's Complaint is accurate and further asserts that the document shall speak for itself.

37. Denied.

WSABEOP0\101746023.v1

38. Defendant denies that Plaintiff's characterization and summary of the document referred to in paragraph 38 of Plaintiff's Complaint is accurate and further asserts that the document shall speak for itself.

39. Denied.

40. Denied.

41. Denied.

42. Defendant admits that Plaintiff's employment was terminated on June 20, 2018. Defendant denies the remaining allegations of fact contained in paragraph 42 of Plaintiff's Complaint.

## **COUNT I – TITLE VII GENDER DISCRIMINATION**

43. Defendant incorporates herein its responses as set forth above in paragraphs 1 through 42.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint, Defendant respectfully requests that Plaintiff take nothing by way of his Complaint; that judgment be entered in favor of Defendant and against Plaintiff; that Defendant recover its

reasonable attorneys' fees and costs as provided by law; and for such further relief as the Court deems fair and equitable.

## **COUNT II – RETALIATION**

53. Defendant incorporates herein its responses as set forth above in paragraphs 1 through 52.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

WHEREFORE, having fully answered Count II of Plaintiff's Complaint, Defendant respectfully requests that Plaintiff take nothing by way of his Complaint; that judgment be entered in favor of Defendant and against Plaintiff; that Defendant recover its reasonable attorneys' fees and costs as provided by law; and for such further relief as the Court deems fair and equitable.

## **AFFIRMATIVE DEFENSES**

1. Unless expressly admitted herein, Defendant denies each and every allegation of fact and conclusion of law contained in Plaintiff's Complaint.

2. Plaintiff's Complaint fails to state a claim for which relief can be granted by virtue of the fact that the allegations contained in Plaintiff's Complaint do not support relief or recovery under Title VII of the Civil Rights Act of 1964 as amended.

WSABEOP0\101746023.v1

3. Defendant has policies and procedures in place preventing harassment, discrimination and retaliation in any form and all times relevant hereto followed those policies and procedures with respect to all decisions made regarding Plaintiff's employment.

4. All decisions made by Defendant regarding Plaintiff's employment were made in good faith, based on business justification and made without any discriminatory or retaliatory motive.

5. Plaintiff has failed to mitigate damages therefore his claims for damages should be denied.

## JURY DEMAND AND PLACE OF TRIAL

Defendant respectfully requests a trial by jury on all issues so triable and that trial be held in The United States District Court for the District of Kansas in Kansas City, Kansas.

WALLACE SAUNDERS

BY: */s/ Marty T. Jackson*
   Marty T. Jackson   #14188
   Holli D. Dobler   #78764
   10111 West 87th Street
   Overland Park, KS 66212
   (913) 888-1000
   (913) 888-1065/FAX
   mjackson@wallacesaunders.com
   hdobler@wallacesaunders.com

ATTORNEYS FOR DEFENDANT

I hereby certify that on August 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following participants, and I hereby certify that I have mailed the document by first class mail, postage prepaid, to the following non-CM/ECF participants:

Heather J. Schlozman
Mark V. Dugan
DUGAN SCHLOZMAN, LLC
8826 Santa Fe Drive, Suite 307
Overland Park, KS  66212

**ATTORNEYS FOR PLAINTIFF**

*/s/ Marty T. Jackson*
For the Firm